[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 17, 2008
THOMAS K. KAHN
CLERK

No. 08-10112
Non-Argument Calendar

_____

D. C. Docket No. 06-00005-CR-WTM-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NATHAN GLOVER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(July 17, 2008)**

Before MARCUS, WILSON, and PRYOR, Circuit Judges.

PER CURIAM:

Nathan Glover appeals his sentence of imprisonment for 114 months for

conspiracy to possess with the intent to distribute and to distribute a quantity of

cocaine base.  See 21 U.S.C. § 846.  Glover argues that the district court erred when it denied the motion to withdraw filed by his counsel after Glover's notice of appeal and that his sentence is unreasonable.  We affirm Glover's sentences.

We do not consider Glover's first argument.  The denial of the motion to withdraw occurred after Glover filed his notice of appeal, and Glover did not file an amended notice of appeal.  Because an appeal from a final judgment "brings up for review . . . preceding nonfinal order[s]" only, we lack jurisdiction to review the later denial of the motion to withdraw.  See Kirkland v. Nat'l Mortgage Network, Inc., 884 F.2d 1367, 1369-70 (11th Cir. 1989).

The reasonableness of a sentence is reviewed for an abuse of discretion. Gall v. United States, 552 U.S. ___, ___, 128 S. Ct. 586, 597 (2007).  Our review involves an examination of the totality of the circumstances, including whether the statutory factors for sentencing, 18 U.S.C. § 3553(a), support the challenged sentence.  Id. at ___, 128 S. Ct. at 597-600.  We defer to the judgment of the district court in the weight given to the factors in section 3553(a) unless the district court has made "a clear error of judgment" and has imposed "a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  United States v. McBride, 511 F.3d 1293, 1297-98 (11th Cir. 2007) (citations omitted).

Glover has failed to establish that his sentence is unreasonable. The sentence for 114 months was near the low end of the advisory guideline range of 108 to 135 months. The district court weighed the factors in section 3553(a) and did not make any clear error of judgment. The district court reasonably determined that this sentence was not greater than necessary to achieve the statutory purposes of sentencing.

Glover's sentence is **AFFIRMED**.